NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1011-15T2

IFE JAMES,

 Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

 Respondent.

 Submitted March 22, 2017 – Decided April 7, 2017

 Before Judges Carroll and Gooden Brown.

 On appeal from the New Jersey State Parole
 Board.

 Ife James, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Lisa A. Puglisi,
 Assistant Attorney General, of counsel;
 Gregory R. Bueno, Deputy Attorney General, on
 the brief).

PER CURIAM

 Ife James appeals from a final decision of the New Jersey

State Parole Board (Board) revoking his release status on a

mandatory five-year term of parole supervision imposed pursuant
to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and setting

a twelve-month future eligibility term (FET). We affirm.

 I.

 In February 2008, James was convicted of robbery and weapons

offenses and sentenced to an aggregate eleven-year prison term

with an eighty-five percent parole ineligibility period pursuant

to NERA. On September 16, 2014, James completed his custodial

sentence and began serving his mandatory parole supervision term.

As conditions of his parole supervision, James was required, among

other things, to refrain from using controlled dangerous

substances and complete the Stages to Enhanced Parolee Success

(STEPS) treatment program.

 On November 18, 2014, James tested positive for marijuana

use. On January 4, 2015, he was discharged from the STEPS program

at Kintock House for refusing to provide a urine sample. When

parole officers arrived at the program to apprehend him, he ran

from them and grabbed a fire extinguisher. Consequently, in

addition to the parole violation, he was arrested for aggravated

assault and resisting arrest.

 Pertinent to this appeal, James was charged with violating

two conditions of his parole supervision. The first charge

specified that James violated general condition number 10, "to

refrain from the use, possession or distribution of a controlled

 2 A-1011-15T2
dangerous substance, controlled dangerous substance analog, or

imitation controlled dangerous substance as defined in N.J.S.A.

2C:35-2 and N.J.S.A. 2C:35-11[,] [a]s evidenced by you testing

positive for [m]arijuana [on] 11/18/14. Positive lab results for

THC are attached." The second charge alleged that James

 failed to complete the KINTOCK NEWARK STEPS
 program, as evidenced by you being
 unsuccessfully discharged on 01/04/2015,
 after you refused to void a urine, and
 subsequently resisted [] being arrested when
 parole officers arrived in the facility. This
 resulted in you being charged with resisting
 arrest, eluding officer and aggravated assault
 on police.

 At his parole violation hearing, James admitted to using

marijuana. Accordingly, the hearing officer sustained the first

charge. James contested the second charge. He acknowledged he

did not provide the urine sample when requested to do so. However,

he testified "he didn't feel comfortable giving his urine" in the

presence of a homosexual staff member because "he was worried what

could happen to him" and "he didn't feel safe because of his

religion." The hearing officer rejected this defense, and found

the charge was established by clear and convincing evidence. The

hearing officer determined that the violations were of a serious

nature, and recommended that James's mandatory supervision be

revoked.

 3 A-1011-15T2
 On February 25, 2015, a two-member Board Panel adopted the

hearing officer's findings, revoked his mandatory supervision

status, and established a twelve-month FET. James filed an

administrative appeal, and on August 26, 2015, the full Board

affirmed the panel's decision. After reviewing the record in

detail, the Board agreed "that clear and convincing evidence exists

that [James] seriously violated the conditions of [his] mandatory

supervision status and revocation is desirable." The Board denied

James's request for reinstatement of mandatory supervision to a

community release program, finding he was "not a suitable candidate

for release and, as such, placement in a program is not

appropriate."

 On appeal, James argues that: (1) the Board disregarded "the

unreasonableness and impact the order for him to expose himself

to a homosexual staff member had on his psyche, religious beliefs,

and reputation[;]" (2) he was not given a reasonable opportunity

to comply with the order to provide a urine sample as the two-hour

time frame to void had not elapsed; and (3) the Board failed to

give him credit for his post-parole accomplishments.

 II.

 We recently recounted in detail the statutory framework that

guides our review of parole revocation proceedings, as follows:

 4 A-1011-15T2
 "A person who has been sentenced to a
term of parole supervision and is on release
status in the community pursuant to" N.J.S.A.
2C:43-7.2 is "subject to the provisions and
conditions set by the appropriate [B]oard
panel." N.J.S.A. 30:4-123.51b(a). That
statute also gives the Board authority "to
revoke the person's release status and return
the person to custody for the remainder of the
term or until it is determined, in accordance
with regulations adopted by the [B]oard, that
the person is again eligible for release
. . . ." Ibid.

 The Board must exercise its authority to
revoke release status "in accordance with the
procedures and standards" codified in N.J.S.A.
30:4-123.59 through N.J.S.A. 30:4-123.65.
N.J.S.A. 30:4-123.51b(a). The statutory
standards referenced permit revocation only on
proof by clear and convincing evidence that
the person "has seriously or persistently
violated the conditions," N.J.S.A. 30:4-
123.60(b) and N.J.S.A. 30:4-123.63(d), or that
the person has been "convicted of a crime"
while released, N.J.S.A. 30:4-123.60(c); see
also N.J.A.C. 10A:71-7.12(c)(1)-(2).

 The Legislature did not further define
the type of conduct it intended to capture
within the statutory standard — "seriously or
persistently violated." And the Board has not
adopted a regulation to guide exercise of its
expertise to distinguish cases in which parole
should and should not be revoked.

 The Legislature also codified procedures
for revocation that require the Board to
afford persons facing revocation of release
status significant procedural protections. In
addition to requiring proof by clear and
convincing evidence, the Legislature has
mandated notice of the alleged violation, a
probable cause hearing, and a subsequent
revocation hearing, at which the parolee has

 5 A-1011-15T2
a right to confront his or her accusers,
testify, present evidence, subpoena witnesses
and have counsel appointed. N.J.S.A. 30:4-
123.62 to -123.63.

 Revocation hearings are conducted by a
hearing officer, who must make a record and
provide reasons for his or her recommendation
to a two-member Panel of the Board in writing.
N.J.S.A. 30:4-123.63. The hearing officer's
written summary is given to the two-member
Panel and the parolee's attorney, who may file
exceptions with the Panel within seven days.
N.J.A.C. 10A:71-7.16. The Panel makes its
decision after reviewing the hearing officer's
summary, the exceptions and the record.
N.J.S.A. 30:4-123.63(d),(e); N.J.A.C.
10A:71-7.16 to -7.17B. If the Panel revokes
parole it must either establish a specific
release date or a future eligibility date.
N.J.S.A. 30:4-123.63(d); N.J.S.A. 30:4-
123.64; N.J.A.C. 10A:71-7.17B. The Panel also
must issue a written decision stating its
"particular reasons . . . and the facts relied
upon," N.J.A.C. 10A:71-7.18.

 Where parole is revoked, the two-member
Panel's decision is appealable to the Board
on several grounds. Among the available
grounds are the Panel's failure to consider
material facts; its failure to document the
clear and convincing evidence of serious or
persistent violations; and its entry of a
decision "contrary to written Board policy or
procedure." N.J.A.C. 10A:71-4.1(e)(1)-(3).
Pursuant to Rule 2:2-3(a)(2), appeal to this
court is from the agency's final decision.

[Hobson v. N.J. State Parole Bd., 435 N.J.
Super. 377, 382-83 (App. Div. 2014).]

 6 A-1011-15T2
 III.

 Our scope of review is limited. We recognize the Board "has

broad but not unlimited discretionary powers" in rendering parole

decisions. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173

(2001) (quoting Monks v. N.J. State Parole Bd., 58 N.J. 238, 242

(1971)). Generally, the Board's actions are presumed valid and

reasonable, In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993),

aff'd, 135 N.J. 306 (1994), as its decisions are considered highly

"individualized discretionary appraisals." Trantino, supra, 166

N.J. at 173 (quoting Beckworth v. N.J. State Parole Bd., 62 N.J.

348, 359 (1973)). Despite the Board's broad discretion, we review

the decision as we do those of other administrative agencies to

determine whether the Board has exercised its power arbitrarily

or capriciously. Trantino, supra, 166 N.J. at 172-73. In

conducting that review, we must consider:

 (1) whether the agency's action violates
 express or implied legislative policy, i.e.,
 did the agency follow the law; (2) whether the
 record contains substantial evidence to
 support the findings on which the agency based
 its action; and (3) whether in applying the
 legislative policies to the facts, the agency
 clearly erred in reaching a conclusion that
 could not reasonably have been made on a
 showing of the relevant factors.

 [Id. at 172 (quoting Trantino v. N.J. State
 Parole Bd., 154 N.J. 19, 24 (1998)).]

 7 A-1011-15T2
 "A court may not substitute its judgment for that of the

agency[.]" McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544,

563 (App. Div. 2002) (citation omitted). Therefore, we accord the

Board's decision a presumption of validity, and the burden is on

the challenging party to show that an action was arbitrary,

unreasonable, or capricious. An administrative agency's decision

will only be set aside if there is, "a definite conviction that

the determination below went so far wide of the mark that a mistake

must have been made." N.J. State Parole Bd. v. Cestari, 224 N.J.

Super. 534, 547 (App. Div.) (citation omitted), certif. denied,

111 N.J. 649 (1988).

 Applying these standards, we find no basis to disturb the

Board's decision to revoke James's parole supervision and set a

twelve-month FET. The revocation hearing in this case comported

with all statutory and due process requirements. It is undisputed

that James first tested positive for marijuana, which he conceded,

and later refused to submit a urine sample when directed to do so

in accordance with a urine collection procedure that was properly

administered. There was adequate evidence to support a finding,

by clear and convincing evidence, that James violated the

conditions of his parole supervision, and that those violations

were serious and not merely technical or insignificant in nature.

 8 A-1011-15T2
Thus, we hold that the Board's decision was not arbitrary,

capricious, or unreasonable.

 Affirmed.

 9 A-1011-15T2